1  **WO**                                                                                              MDR

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Serafin Jr. Reyes, ) | No. CV 07-718-PHX-SMM (DKD) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| A.D.O.C. Director Dora Schriro, et al., ) | |
| Defendants. ) | |

Plaintiff Serafin Jr. Reyes, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, an Application to Proceed *In Forma Pauperis*, a document entitled "Motioning U.S. District, Clerk, for the District of Arizona. Late Filing Fee for a Civil Action," and a Motion for Appointment of Counsel. The Court will grant the Application to Proceed, deny the other motions, and dismiss the Complaint with leave to amend.

### I.     Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $9.61. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**JDDL-K**

Dockets.Justia.com

In his "Motioning U.S. District, Clerk, for the District of Arizona. Late Filing Fee for a Civil Action," Plaintiff requests an extension of time to partially pay the filing fee. Because the Court is granting Plaintiff's Application to Proceed, the Court will deny this motion as moot.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

## III. Complaint

In his three-count Complaint, Plaintiff sues Defendants Arizona Department of Corrections' Director Dora Schriro, South Unit Administrative, Cell Block Six Administrative, and Corrections Officer III Puntney.

In Counts One and Two, Plaintiff presents a lengthy narrative[1] challenging, under the Due Process Clause and the Fifth and Sixth Amendments, Defendants' failure to follow the

---

[1]This lengthy narrative fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).

Arizona Department of Corrections's (ADOC) inmate disciplinary system. He alleges that these failures resulted in Plaintiff being found guilty of stalking a corrections officer, an inability to appeal that finding, and an increase in his security classification. In Count Three, Plaintiff alleges that the stalking allegation and subsequent inability to appeal the guilty finding were retaliation by Defendant South Unit Administrative because Plaintiff complained of alleged sexual misconduct by another corrections officer.

In his Request for Relief, Plaintiff requests the removal of the disciplinary charge, a reduction of his security classification, and monetary damages.

## IV. Failure to State a Claim

### A. Failure to Link Defendant with Injuries

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

Plaintiff does not allege that Defendant Schriro personally participated in the constitutional deprivation or that she was aware of widespread abuses and, with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further misconduct, or that she formed policies that resulted in Plaintiff's injuries. Because Plaintiff

has failed to demonstrate a link between Defendant Schriro's conduct and Plaintiff's alleged injuries, the Court will dismiss Defendant Schriro without prejudice.

Defendants South Unit Administrative and Cell Block Six Administrative are not proper defendants. They appear to be groups of defendants. Although it appears that the Court could identify the individuals who make up these groups by parsing through the lengthy narrative in the body of the Complaint, it is not the Court's responsibility to search the pleadings in order to determine the names and numbers of the parties Plaintiff intends to sue. Plaintiff must clearly identify the defendants in accordance with the instructions provided with the court-approved complaint form. Therefore, the Court will dismiss Defendants South Unit Administrative and Cell Block Six Administrative without prejudice. Similarly, the Court will dismiss Count Three on this same basis because Plaintiff does not identify any conduct by any specifically named Defendant; he alleges that "South Unit Administrative wanted revenge by retaliating against [Plaintiff]."

**B.     Counts One and Two**

In analyzing a due process claim, the Court must first decide whether Plaintiff was entitled to any process, and if so, whether he was denied any constitutionally required procedural safeguard.

Liberty interests that entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted).

Therefore, to determine whether an inmate is entitled to the procedural protections afforded by the Due Process Clause, the Court must look to the particular restrictions imposed and ask whether they "'present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.'" Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995) (quoting Sandin, 515 U.S. at 486).

In this case, Plaintiff alleges that his disciplinary conviction resulted in a change to his security classification. A prisoner has no constitutional right to enjoy a particular security classification. Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions). See also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (classification in level 4 prison rather than level 3 prison did not present an atypical and significant hardship). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976). Plaintiff alleges no other atypical or significant sanctions resulting from his disciplinary conviction and therefore fails to state a claim.

Accordingly, the Court will dismiss Counts One and Two for failure to state a claim.

## V. Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as

nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King, 814 F.2d at 567.

If Plaintiff files an amended complaint, Plaintiff must write **short, plain statements** telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. See Rizzo, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable and will be dismissed.

## VI. Motion for Appointment of Counsel

Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved. Id. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Accordingly, the Court will DENY without prejudice Plaintiff's motion for appointment of counsel.

. . . .

. . . .

. . . .

JDDL-K

- 6 -

Case 2:07-cv-00718-SMM--DKD   Document 5   Filed 04/17/2007   Page 6 of 8

**VII. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at

1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS HEREBY ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **GRANTED**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $9.61.

(3) Plaintiff's "Motioning U.S. District, Clerk, for the District of Arizona. Late Filing Fee for a Civil Action" (Doc. #4) is **DENIED as MOOT**.

(4) Plaintiff's Motion for Appointment of Counsel (Doc. #3) is **DENIED without prejudice**.

(5) The Complaint (Doc. #1) is **DISMISSED** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(6) If Plaintiff fails to file an amended complaint by **May 16, 2007**, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(7) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 16th day of April, 2007.

Stephen M. McNamee
United States District Judge