**WO**                                                                          MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Serafin Jr. Reyes, | ) | No. CV 07-718-PHX-SMM (DKD) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Cpt. Kilegore, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I.   Background**

On April 6, 2007, Plaintiff Serafin Jr. Reyes, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1).  In an April 17, 2007 Order (Doc. #5), the Court dismissed the Complaint because Plaintiff had not linked his injuries with the conduct of any defendant and because he had failed to state a claim.  The Court granted Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Court's Order.

On May 9, 2007, Plaintiff filed two motions to obtain evidence (Docs. #8 and #9) and a First Amended Complaint (Doc. #10).  In a May 18, 2007 Order (Doc. #11), the Court dismissed the First Amended Complaint because it did not comply with Rule 8 of the Federal Rules of Civil Procedure and denied as moot the motions to obtain evidence.  The Court granted Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Court's Orders.

On June 5, 2007, Plaintiff filed a Second Amended Complaint (Doc. #12).

## II.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  Plaintiff's Second Amended Complaint will be dismissed without leave to amend because the defects cannot be corrected.

## III.      Second Amended Complaint

In his six-count Second Amended Complaint, Plaintiff sues 24 defendants: (1) Captain Kilegore, (2) Correctional Officer (CO) IV Heet, (3) Lieutenant L. Woods, (4) Lieutenant Fulton, (5) Sergeant Smith, (6) Sergeant Schmidt, (7) Sergeant Quick, (8) Sergeant John Doe at South Unit, (9) CO II Lanza, (10) CO II Carberry, (11) CO II Ortega, (12) CO II Pontious, (13) Psychologist Jane Doe, (14) CO II Roger, (15) Deputy Warden J. Freeland, (16) CO IV Bohuszewicz, (17) Captain R. Swanson, (18) Captain Carroll, (19) CO III Perow, (20) CO II Taylor, (21) CO III Puntney, (22) CO II or Sergeant John Doe at Cell Block 6, (23) Deputy Warden John Doe, and (24) CO III Bell.

In Count One, Plaintiff contends that Defendants Deputy Warden John Doe and CO II Carberry violated his due process rights and the Fifth and Fourteenth Amendments because Plaintiff was unable to defend himself at a disciplinary proceeding and because Defendants failed to follow Arizona Department of Corrections's (ADOC) policies and procedures.  He alleges that this resulted in Plaintiff being found guilty of stalking a corrections officer and receiving a loss of privileges, loss of earned release credits, time in disciplinary detention, and time in Parole Class III.

1    In Count Two, Plaintiff alleges that Defendants Freeland, Bohuszewicz, Perow,

2    Taylor, and Puntney violated his due process rights under the First, Fifth, and Fourteenth

3    Amendments because these Defendants failed to follow the ADOC inmate grievance system

4    in connection with Plaintiff's appeal of the disciplinary finding.

5    In Count Three, Plaintiff asserts that Defendants Deputy Warden John Doe, Freeland,

6    Carroll, Carberry, Taylor, Ortega, Smith, Sergeant John Doe at South Unit, and Woods

7    violated his due process rights and the Fifth, Eighth, and Fourteenth Amendments because

8    they failed to follow ADOC policies, procedures, and proceedings when they left Plaintiff

9    in investigatory detention for 175 days.

10   Although it is difficult to understand Plaintiff's allegations in Count Four, it appears

11   that Plaintiff is claiming that Defendants Carberry, Swanson, and Pontious violated his due

12   process rights, the Fifth and Fourteenth Amendments, and ADOC policies and procedures.

13   Specifically, Plaintiff contends that Defendant Carberry falsified state records because he

14   omitted details about where Plaintiff was taken when he was transferred from his cellblock

15   to investigatory detention and because Defendant Carberry incorrectly stated that Plaintiff

16   was "placed on report" on August 9, 2006, rather than August 11, 2006.  Plaintiff claims

17   Defendant Pontious lied when she stated in a report that Plaintiff was getting a divorce

18   because he liked Defendant Pontious.  Plaintiff asserts that Defendant Swanson lied when

19   he stated that he was unable to provide Plaintiff with the audio and video recordings Plaintiff

20   had requested.

21   In Count Five, Plaintiff alleges that Defendant Kilgore violated his due process rights,

22   his Miranda[1] rights, and the Fifth, Sixth, and Fourteenth Amendments, and coerced Plaintiff

23   to confessing to an issue related to his disciplinary charge.

24   Although it is difficult to understand Plaintiff's allegations in Count Six, it appears

25   that he is claiming that Defendants Deputy Warden John Doe, Schmidt, Quick, Bell, and

26   Psychologist Jane Doe engaged in retaliation, violated his due process and equal protection

27   _____

28   [1]Miranda v. Arizona, 384 U.S. 436 (1966).

1  rights, and violated the Fifth, Eighth, and Fourteenth Amendments after Plaintiff made an
2  allegation that Defendant Lanza had patted-down Plaintiff in a sexual way.  Plaintiff alleges
3  that the Defendants accused Plaintiff of stalking another corrections officer and placed him
4  in investigatory detention rather than transferring Defendant Lanza.

5  In his Request for Relief, Plaintiff requests the removal of the disciplinary charge, a
6  reduction of his security classification, and monetary damages.

7  **IV.    Failure to Link Defendant with Injuries**

8  To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific
9  injury as a result of specific conduct of a defendant and show an affirmative link between the
10  injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377
11  (1976).

12  Plaintiff names Defendants Heet, Fulton, and COII or Sergeant John Doe in Cell
13  Block 6 in the caption of the Second Amended Complaint and in the list of defendants.  But
14  these Defendants are not mentioned elsewhere in the Second Amended Complaint and
15  Plaintiff has not made any factual allegations against these Defendants in the body of the
16  Second Amended Complaint.  Similarly, although Plaintiff has made vague references to
17  Defendant Roger in Count Five of the Complaint, he has not linked any conduct by
18  Defendant Roger to Plaintiff's injuries.  In addition, although Plaintiff has discussed
19  Defendant Lanza in Count Six, Plaintiff has done so only in the course of explaining that his
20  interactions with Defendant Lanza led to alleged retaliation by other defendants.  Plaintiff
21  has not linked Defendant Lanza's conduct with Plaintiff's injuries.  Therefore, the Court will
22  dismiss Defendants Heet, Fulton,  COII or Sergeant John Doe in Cell Block 6, Rogers, and
23  Lanza.

24  **V.    Failure to State a Claim**

25  **A.    Claims Regarding Disciplinary Proceedings**

26  Plaintiff's claims stem from disciplinary proceedings that resulted in, among other
27  things, a loss of Plaintiff's earned-release credits.  However, "a state prisoner seeking
28  injunctive relief against the denial or revocation of good-time credits must proceed in habeas

corpus, and not under § 1983." <u>Nonnette v. Small</u>, 316 F.3d 872, 875 (9th Cir. 2002).  In addition, if a judgment for Plaintiff regarding the denial of due process in a prison disciplinary proceeding would invalidate or imply the invalidity of the deprivation of good-time credits, the claim is barred under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), unless Plaintiff can show that the disciplinary conviction has been previously invalidated.  <u>See</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997); <u>Heck</u>, 512 U.S. at 487-88; <u>Nonnette</u>, 316 F.3d at 875.

In Count One, Plaintiff alleges that the Defendants violated his due process rights because they failed to follow ADOC policies and procedures and because Plaintiff was unable to defend himself at his disciplinary proceedings.  In Count Four, it appears that Plaintiff is claiming that Defendants, among other things, violated his due process rights when they falsified state records or refused to provide information related to his disciplinary hearing.  In Count Five, Plaintiff alleges that Defendant Kilgore, among other things, violated Plaintiff's due process rights when Defendant Kilgore coerced Plaintiff into confessing to an issue related to his disciplinary charge.  In Count Six, it appears that Plaintiff is claiming Defendants violated his due process rights and engaged in retaliation when they accused Plaintiff of stalking a corrections officer.

These claims, if decided in Plaintiff's favor, would either invalidate or imply the invalidity of the deprivation of his earned-release credits.  Because Plaintiff has not demonstrated that his prison disciplinary proceeding has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, his claims in Counts One, Four, Five, and Six[2] are barred by <u>Heck</u>.  The Court, therefore, will dismiss them.

_____

[2]Moreover, Plaintiff has failed to state a viable First Amendment retaliation claim because he has not alleged that the exercise of his First Amendment rights was chilled or that he suffered more than minimal harm.  <u>See</u> <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) (a viable claim of First Amendment retaliation contains five basic elements, including that the defendants' adverse action chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm)).

1

**B.      Violations of Grievance Policy**

2      In Count Two, Plaintiff alleges that Defendants failed to follow the ADOC's

3 grievance policy in connection with his appeal of the adverse disciplinary finding.  However,

4 "[t]here is no legitimate claim of entitlement to a grievance procedure," Mann v. Adams, 855

5 F.2d 639, 640 (9th Cir. 1988), and the failure to follow grievance procedures does not give

6 rise to a § 1983 claim.   See Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986)

7 (violations of grievance system procedures does not deprive inmates of constitutional rights

8 and does not give rise to a § 1983 claim); Ashann-Ra v. Virginia, 112 F. Supp. 2d 559, 569

9 (W.D. Va. 2000) (failure to comply with state's grievance procedure is not actionable under

10 § 1983).    Therefore, the Court will dismiss Count Two.

11

**C.      Investigatory Detention**

12      In Count Three, Plaintiff alleges that Defendants left him in investigatory detention

13 for 175 days.

14      The Fourteenth Amendment right to procedural due process only applies to

15 deprivations of life, liberty, or property. See Wilkinson v. Austin, 545 U.S. 209, 221 (2005);

16 Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003).  A liberty interest may arise from the

17 Constitution itself, . . . or it may arise from an expectation or interest created by state laws

18 or policies." Wilkinson, 545 U.S. at 221.

19      Liberty interests created by state law or policies which entitle an inmate to due process

20 are "generally limited to freedom from restraint which, while not exceeding the sentence in

21 such an unexpected manner as to give rise to protection by the Due Process Clause of its own

22 force, nonetheless imposes atypical and significant hardship on the inmate in relation to the

23 ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal

24 citations omitted). In analyzing whether the hardship is atypical and significant, three

25 guideposts to consider are: (1) the conditions of confinement; (2) the duration of the

26 condition and the degree of restraint imposed; and (3) whether the sanction will affect the

27 duration of the prisoner's sentence. Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003).

28 "As long as the conditions or degree of confinement to which the prisoner is subjected is

1    within the sentence imposed upon him and is not otherwise violative of the Constitution, the

2    Due Process Clause does not in itself subject an inmate's treatment by prison authorities to

3    judicial oversight." Montanye v. Haynes, 427 U.S. 236, 242 (1976).

4           "Typically, administrative segregation in and of itself does not implicate a protected

5    liberty interest." Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003). See also Sandin,

6    515 U.S. at 486 (plaintiff's segregated confinement "did not exceed similar, but totally

7    discretionary, confinement in either duration or degree of restriction"); Resnick v. Hayes, 213

8    F.3d 443 (9th Cir. 2000) (no due process claim when an inmate was placed in a special

9    housing unit for seventy days pending a disciplinary hearing); May v. Baldwin, 109 F.3d

10   557, 565 (9th Cir. 1997) (placement in administrative segregation pending a disciplinary

11   hearing fell within terms of confinement ordinarily contemplated by sentence).

12          Plaintiff's allegations regarding his placement in investigatory detention fail to show

13   an "atypical and significant deprivation." The placement did not lengthen his sentence and

14   Plaintiff has not alleged that any limitations of his privileges were materially different from

15   other types of detention or that the conditions were a major disruption from the conditions

16   in general population.   In addition, Plaintiff has not alleged that the conditions in

17   investigatory detention were unconstitutional.   The Court finds that placement in

18   investigative detention was not "atypical and significant" and, therefore, that Plaintiff was

19   not entitled to any procedural due process.

20          Moreover, under the Eighth Amendment, punishment may not be "barbarous"  nor

21   may it contravene society's "evolving standards of decency." Rhodes v. Chapman, 452 U.S.

22   337, 345-46 (1981).   Only deprivations denying the minimal civilized measure of life's

23   necessities are sufficiently grave for an Eighth Amendment violation. Johnson v. Lewis, 217

24   F.3d 726, 731 (9th Cir. 2000) (quotation omitted). These are "deprivations of essential food,

25   medical care, or sanitation" or "other conditions intolerable for prison confinement."

26   Rhodes, 452 U.S. at 348.  Plaintiff has failed to state a claim under the Eighth Amendment

27   because "[e]ven an indeterminate sentence to punitive isolation does not without more

28

1   constitute cruel and unusual punishment." <u>Toussaint v. Yockey</u>, 722 F.2d 1490, 1494 n.6

2   (9th Cir.1984).  <u>See also</u> <u>Sandefur v. Lewis</u>, 937 F. Supp. 890, 894 n.4 (D. Ariz. 1996)

3   (expressly rejecting allegation that administrative segregation violated the Eighth

4   Amendment prohibition against cruel and unusual punishment).

5         Because Plaintiff has failed to state a claim in Count Three, the Court will dismiss this

6   Count.

7   **VI.    Dismissal without Leave to Amend**

8         The Court will dismiss Plaintiff's Second Amended Complaint without leave to

9   amend.  Leave to amend need not be given if a complaint as amended is subject to dismissal.

10  <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 538 (9th Cir. 1989).  The Court's

11  discretion to deny leave to amend is particularly broad where Plaintiff has previously been

12  permitted to amend his complaint.  <u>Sisseton-Wahpeton Sioux Tribe v. United States</u>, 90 F.3d

13  351, 355 (9th Cir. 1996).  Repeated failure to cure deficiencies by previous amendments is

14  one of the factors to be considered in deciding whether justice requires granting leave to

15  amend.  <u>Moore</u>, 885 F.2d at 538.

16        Plaintiff has made three efforts at crafting a viable complaint and appears unable to

17  do so.  Further opportunities would be futile.  Therefore, the Court, in its discretion, will

18  dismiss Plaintiff's Second Amended Complaint without leave to amend.

19  **IT IS ORDERED:**

20        (1)     The Second Amended Complaint (Doc. #12) is **dismissed** for failure to state

21  a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment

22  accordingly.

23        (2)     The Clerk of Court must make an entry on the docket stating that the dismissal

24  for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

25        DATED this 12th day of July, 2007.

26

27

28
                                Stephen M. McNamee
                                United States District Judge